**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ABOUT U.S. REAL ESTATE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 04471 |
| | ) | |
| CHRISTOPHER BURNLEY and COREFACT CORPORATION, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth in the Statement below, the defendants' Motion to Dismiss the plaintiff's Third Amended Complaint, Dkt. 43, is granted as to Count I and otherwise denied. Count I of the plaintiff's Third Amended Complaint, Dkt. 41, is dismissed without prejudice. A status hearing is set for June 10, 2015, at 9:00 a.m.

## STATEMENT

ABOUT U.S. Real Estate ("ABOUT") filed this action on June 16, 2014, against defendants CoreFact Corporation ("CoreFact") and its principal shareholder, Christopher Burnley. *See* Dkt. 1. Now before the Court is the defendants' second motion to dismiss the case pursuant to Fed. R. Civ. P. 12. Their first motion to dismiss asserted lack of personal jurisdiction over Burnley, lack of subject matter jurisdiction over one of ABOUT's claims, and failure to state a viable claim as to the other two, under Fed. R. Civ. P. 12(b)(1), (2), and (6), respectively. *See* Dkt. 17. The current motion seeks to dismiss Counts I and II of ABOUT's Third Amended Complaint ("Complaint" or "Compl.") for improper venue (based on a forum selection clause in the parties' "reseller agreement") pursuant to Fed. R. Civ. P. 12(b)(3), and to dismiss Count I for failure to allege a cognizable claim (though on a ground different from those asserted in the defendants' previous motion) pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. 43.

In response, ABOUT contends that the defendants' current venue defense was waived under Fed. R. Civ. P. 12(h)(1), and that their current failure-to-state-a-claim argument is precluded under Fed. R. Civ. P. 12(g)(2) and (h)(2), all as a result of the defendants' failure to include these defenses in their first motion to dismiss under Rule 12. The defendants, on the other hand, dispute any such waiver and contend that these new defenses were necessitated by ABOUT's new breach of contract claim in Count II of its current Complaint. Before addressing the parties' respective waiver arguments in connection with this motion, the Court first briefly recounts the procedural history in the case.

## I. Procedural Background

ABOUT's original complaint in this action contained three counts: breach of fiduciary duty (Count I), tortious interference (Count II), and declaratory judgment (Count III). *See* Dkt. 1. After the Court directed ABOUT to supplement its allegations regarding diversity jurisdiction, *see* Dkt. 4, an Amended Complaint followed on June 18, 2014, asserting the same three claims. *See* Dkt. 5. In broad terms, ABOUT's Amended Complaint alleged that Ray Sheppard and Gary Abrams formed ABOUT to provide marketing services in the real estate industry, *id.* at ¶¶ 7-8, and planned to do so through a business arrangement with Burnley and CoreFact. *Id.* at ¶ 9.[1] In furtherance of this plan, ABOUT was incorporated in Florida in July of 2010, with Sheppard, Abrams, and Burnley as its original directors, *id.* at ¶ 10, after which ABOUT and CoreFact entered into a "reseller agreement" that entitled ABOUT to receive various commissions. *Id.* at ¶¶ 14-15. For a time, the venture looked promising and ABOUT attracted new investors, which it accommodated by issuing new shares; pursuant to a recapitalization agreement, ABOUT and CoreFact's ownership interests in the venture were diluted. *Id.* at ¶¶ 18-19. The Amended Complaint alleges, however, that "Burnley exercised his control over CoreFact to cause or permit CoreFact to create false business records" used to divert to CoreFact commissions that "ABOUT earned and was entitled to be paid" under the parties' reseller agreement. *Id.* at ¶ 21. And when ABOUT confronted Burnley with this alleged conduct and requested his resignation as an ABOUT director, "Burnley caused CoreFact to terminate its reseller agreement with ABOUT, without cause and without justification." *Id.* at ¶¶ 24-26.

Based on these allegations, the Amended Complaint asserted claims for breach of fiduciary duty against Burnley (Count I), tortious interference against Burnley (Count II), and declaratory judgment against CoreFact, alleging that the recapitalization agreement was valid and enforceable (Count III), all of which the defendants moved to dismiss in July of 2014. *See* Dkt. 17. As noted above, the Court granted that motion in part on October 28, 2014, dismissing Count III for lack of subject matter jurisdiction and Count II for failure to allege a cognizable claim (both without prejudice). *See* Dkt. 30 at 9. At the same time, the Court denied Burnley's motion to dismiss for lack of personal jurisdiction and the defendants' motion to transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1404(a). *Id.*

With leave of Court, *see* Dkt. 30 at 1, ABOUT filed a Second Amended Complaint on November 10, 2014, again asserting claims for breach of fiduciary duty and declaratory judgment, but omitting any claim for tortious interference. *See* Dkt. 31. The defendants' filed their Answer to the Second Amended Complaint and six Counterclaims by CoreFact—including one for breach of the parties' reseller agreement—on December 8, 2014. *See* Dkt. 34, at 18-31. Notably for present purposes, the defendants' Answer admitted "that venue is proper with respect to CoreFact," *id.* at ¶ 7, and raised no venue defense (among the twelve affirmative defenses asserted), *id.* at 16-17; CoreFact's Counterclaims likewise alleged that venue "with

---

[1] As under Rule 12(b)(6), a motion challenging venue under Rule 12(b)(3) similarly requires reasonable inferences from the facts to be construed in the plaintiff's favor. *Jackson v. Payday Fin., LLC*, 764 F.3d 765 (7th Cir. 2014) (Rule 12(b)(3) standard); *Chi. Bldg. Design P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 612 (7th Cir. 2014) (Rule 12(b)(6) standard). The Court thus adheres to this standard for purposes of both grounds of the defendants' current motion.

respect to these Counterclaims is proper in this District." *Id*. at 18, ¶ 5.[2] ABOUT filed its Answer to CoreFact's Counterclaims on December 29, 2014, similarly admitting that "venue is proper in this District." *See* Dkt. 36, ¶ 5. But the pleadings did not close here. On January 8, 2015, ABOUT sought, and was granted, leave to amend again. *See* Dkt. 37.

This latest amendment by ABOUT asserted (without objection by the defendants) what ABOUT contended was a compulsory counterclaim—a claim for breach of the same reseller agreement at issue in Count I of CoreFact's Counterclaims. *See* Pltf. Opp., Dkt. 51, at 3-4. But rather than file this new claim as a counterclaim to CoreFact's Counterclaims, ABOUT, at the Court's direction, included its new breach of contract claim based on the parties' reseller agreement in an amended complaint (the current Third Amended Complaint) filed on January 15, 2015. *See* Dkt. 41; Pltf. Opp., Dkt. 51, at 4. ABOUT's Complaint thus now includes claims for breach of fiduciary duty by Burnley (Count I), breach of the reseller agreement by CoreFact (Count II), and declaratory judgment against CoreFact (Count III). *See* Dkt. 41.[3]

Seizing upon ABOUT's filing of a new complaint (though done at the Court's direction), the defendants responded with a new motion to dismiss all three of ABOUT's claims (not merely new Count II). *See* Dkt. 43. This motion seeks to dismiss Counts I and II for improper venue (relying on the forum selection clause in the parties' reseller agreement) pursuant to Fed. R. Civ. P. 12(b)(3), to dismiss Count I for failure to state a claim (on a newly asserted ground) pursuant to Fed. R. Civ. P. 12(b)(6), and to dismiss Count III pursuant to the Court's discretion to decline to hear a declaratory judgment claim. *Id*. In addition, should the Court grant these requests, CoreFact asks that all six of its counterclaims be voluntarily dismissed without prejudice pursuant to Fed. R. Civ. P. 41. ABOUT responds that the defendants waived their venue defense by omitting it from their first Rule 12(b) motion, and that their failure-to-state-a-claim argument against Count I is an improper "successive motion" under Rule 12(b)(6) and therefore prohibited by Fed. R. Civ. P. 12(g)(2) and (h)(2). *See* Pltf. Opp., Dkt. 51, at 4-9.

---

[2] To the extent the defendants' Answer disputed venue on behalf of Burnley, it asserted only that Burnley was "not a party" to a separate agreement in which the other parties had agreed to venue in this district, and that a "substantial portion of the events or omissions giving rise to" the breach of fiduciary duty claim against Burnley "did not occur in this District." *Id*. at ¶ 7. No mention was made on behalf of Burnley (or CoreFact) of the forum selection clause now at issue.

[3] While the question does not appear to have been addressed by the Seventh Circuit, courts in other jurisdictions have observed that the Federal Rules "do not contemplate a counterclaim to a counterclaim," and have thus concluded that such a claim by a plaintiff should be brought "by seeking leave to amend the Complaint" or "treated as a motion to amend the complaint under Rule 15(a)." *See*, *e.g.*, *Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 213 and n.3 (S.D.N.Y. 2007) (citing cases); *Steadfast Ins. Co. v.. Agric. Ins. Co.*, No. 05-CV-126-GFK-TLW, 2014 WL 1901175, *8 n.7 (N.D. Okla. May 13, 2014) (citing cases). Some courts have also taken a contrary view, *see*, *e.g.*, *Trailer Source, Inc. v. Hyundai Translead, Inc.*, No. 3:10-cv-00148, 2010 WL 1408669, *5 n.3 (M.D. Tenn. Mar. 29, 2010 (citing cases), but this Court concurs with the view that the "more orderly procedure" is "for the plaintiff to seek leave to amend the original complaint to include the new claim." C. A. Wright, *et al*., *Federal Practice and Procedure* § 1188, at 39 (3d ed. 2004).

For the following reasons, the Court agrees with ABOUT that the defendants waived their venue defense, and the defendants' motion to dismiss Counts I and II of the Complaint pursuant to Fed. R. Civ. P. 12(b)(3) is therefore denied. As explained below, however, the Court agrees with the defendants that Count I of the Complaint fails to allege adequately a claim for breach of fiduciary duty, and therefore dismisses Count I of the Complaint without prejudice.

## II. Motion to Dismiss Counts I and II for Improper Venue

The defendants' current venue defense (as opposed to their previous transfer request under 28 U.S.C. § 1404) relies on the following forum selection clause in the parties' reseller agreement: "Any action relating to or arising out of this Agreement shall be brought in the courts of Alameda County, California." *See* Def. Mot., Dkt. 43, ¶ 1; Compl. Ex. C, Dkt. 41-3, at 6.[4] As the defendants acknowledge, Seventh Circuit precedent requires such a clause to be asserted as "an objection to venue" in a motion under Fed. R. Civ. P. 12(b)(3). Def. Mem., Dkt. 44, at 4; *see also Auto. Mech. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007). One consequence of treating the assertion of a forum selection clause as a venue challenge under Rule 12(b)(3) is that the issue—like any other venue defense—is "waivable," since "Fed. R. Civ. P. 12h)(1) provides that improper venue is waived as a ground of dismissal when not timely raised." *Id.* at 746. And this consequence is not inadvertent. "Venue is primarily a 'matter of convenience of litigants and witnesses,'" and forum selection clauses "are similar" in that "they represent an *ex ante* determination by the parties themselves of the place that will be the most convenient for any litigation that may come along." *Id.* (quoting *Denver & Rio Grande W. R.R. Co. v. Brotherhood of R.R. Trainmen*, 387 U.S. 556, 560 (1967)). Such matters of convenience "must be pleaded early," lest they be "waived or forfeited." *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd*, 364 F.3d 884, 887 (7th Cir. 2004). "This precept is as applicable when the forum is challenged on the basis of a forum selection clause as it is . . . when there is a statutory as distinct from a contractual basis for thinking the suit belongs elsewhere." *Frietsch v. Refco, Inc.* 56 F.3d 825, 830 (7th Cir. 1995).

One way to waive a venue defense based on a forum selection clause is by omitting it from a motion filed under Rule 12, as the defendants did here. This is because Rules 12(g)(2) and 12(h)(1)(A) provide in combination that a party waives any Rule 12(b)(3) defense for "improper venue" by "omitting it from a motion" under Rule 12, so long as the venue defense "was available to the party" when the "earlier motion" was filed. Since the defendants here already filed a Rule 12 motion, and their current venue defense was then available to them, they waived that defense by omitting it from their "earlier motion." *See* Fed. R. Civ. P. 12(g)(2) and (h)(1)(A). In addition, a venue defense based on a forum selection clause is waived also by failing to "include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1)(B)(ii). The defendants fall under this provision too, having failed to include their current venue defense in their Answer to ABOUT's Second

---

[4] While the parties apparently dispute "which version of the Reseller Agreement is operative," *see* Def. Mem., Dkt. 44, at 3 n.1, that dispute is immaterial here, since neither side disputes that the operative agreement contains the same forum selection clause. Nevertheless, the Court assumes for purposes of the current motion that the version attached as Exhibit C to ABOUT's current Complaint is the operative agreement. *See supra* note 1.

Amended Complaint after their first motion to dismiss was granted. *See* Dkt. 34, at 16-17. Indeed, that Answer admitted that venue in this district is proper as to CoreFact, *see id*. at ¶ 7, alleged that venue in this district is proper for CoreFact's Counterclaims (including a claim for breach of the reseller agreement), *id*. at 18, ¶ 5, and omitted any mention on behalf of either defendant of the forum selection clause that they now assert. The defendants thus waived their current venue defense based on the parties' forum selection clause in two ways: (1) under Rule 12(h)(1)(A), by omitting it from their earlier Rule 12(b) motion, and (2) under Rule 12(h)(1)(B), by omitting it from their subsequent Answer to ABOUT's Second Amended Complaint. The defendants' current motion attempts to overcome each waiver, but fails as to both.

First, regarding Rule 12(h)(1)(A), the defendants insist that their current venue defense was not "available" when they filed their first Rule 12 motion, because ABOUT had not yet asserted "a cause of action for breach of the Reseller Agreement." Def. Reply, Dkt. 52, at 10. According to the defendants, they were unable to assert the forum selection clause in the parties' reseller agreement until ABOUT added a claim for breach of that agreement in its latest Complaint. *Id*. But the defendants' current motion to dismiss belies this argument, since it asserts the forum selection clause against **both** ABOUT's new breach of contract claim (Count II) **and** its breach of fiduciary duty claim (Count I), which has appeared in ABOUT's complaints since the case was filed. *See* Compl., Dkt. 1, ¶¶ 27-31; Amended Compl., Dkt. 5, ¶¶ 27-31; Second Amended Compl., Dkt. 31, ¶¶ 28-32. In doing so, moreover, the defendants argue vigorously (and correctly) that the forum selection clause applies to ABOUT's breach of fiduciary duty claim against Burnley, even though it is not a claim for breach of the reseller agreement in which that clause appears, and even though Burnley is not a party to that agreement, because that claim is nevertheless "premised on alleged breaches of the Reseller Agreement" and thus "arises out of the Reseller Agreement." Def. Mem., Dkt. 44, at 6-8 (citing *Abbott Labs. v. Takeda Pharm. Co.*, 476 F.3d 421, 424 (7th Cir. 2007) (breach of fiduciary duty claim subject to forum selection clause in parties' agreement); *Am. Patriot*, 364 F.3d at 889 (forum selection clause may not be "defeated" by suing affiliates or employees "of the party to the contract").

These are reasons that the defendants could have, and should have, asserted the forum selection clause against ABOUT's breach of fiduciary duty claim in this case two complaints ago. And it is not as though the defendants were oblivious to the impact of the reseller agreement (and its forum selection clause) on ABOUT's breach of fiduciary duty claim when they filed their last Rule 12 motion to dismiss (two complaints ago). Indeed, their memorandum in support of that motion asserted that "this case concerns" in "essence" whether CoreFact "breached" the reseller agreement and whether "Burnley is individually liable for CoreFact's breaches of the Reseller Agreement," Dismiss Mem., Dkt. 19, at 1, and, more specifically, that the breach of fiduciary duty claim against Burnley "is based on the Reseller Agreement" so directly that the Court should "consider that document" when construing ABOUT's First Amended Complaint. *Id*. at 13. Yet nowhere did the defendants ask the Court to consider the forum selection clause in that document, even while they asked the Court to transfer the case to California. *See id.* at 8-11. Instead, the defendants were content to argue that two *other* forum selection clauses requiring suit in Illinois in two *other* agreements between ABOUT and CoreFact did not subject Burnley to personal jurisdiction in Illinois. *See id*. at 1 ("a corporate principal like Burnley is not individually bound by a forum selection clause in an agreement he signs on behalf of his company"). It is too late now to reverse course and argue that Burnley may avail himself of a different forum selection clause in a different agreement between ABOUT and CoreFact.

In addition to the defendants' prior Rule 12 motion, their subsequent Answer and Counterclaims similarly omitted any mention of the forum selection clause that they now assert, despite asserting twelve other affirmative defenses. *See* Dkt. 34, at 16-17. Even more telling, that pleading admitted that venue in this district is proper as to CoreFact (though it disputed venue as to its principal shareholder Burnley on grounds unrelated to the forum selection clause, *see supra* note 2), and affirmatively alleged that venue in this district is proper for CoreFact's Counterclaims, including a claim for breach of the same reseller agreement that contains the very forum selection clause that both defendants now assert. *See* Dkt. 34, at 3, 16-18. Failing even to acknowledge any of these omissions, admissions, or allegations in their Answer and Counterclaims, the defendants instead attempt to negate any implications for venue flowing from CoreFact's filing of a counterclaim for breach of the reseller agreement by arguing that it was "compulsory" and that its filing 'in no way contradicts Defendants' position, asserted throughout this litigation, that California is the proper venue for this case." Def. Reply, Dkt. 52, at 1. But that is exactly what it did. *See* Counterclaim, Dkt. 34, at 18, ¶ 5 ("Venue with respect to these Counterclaims is proper in this District").

Nor does the defendants' insistence that CoreFact's counterclaim for breach of the reseller agreement was "compulsory" mitigate this allegation. If anything, it reinforces the conclusion that the reseller agreement has long been at issue in this case—rendering CoreFact's counterclaim for breach of that agreement compulsory—and thus underscores the length of the defendants' delay in asserting the forum selection clause contained in that agreement. But also, the parties' arguments that their respective counterclaims for breach of the reseller agreement were "compulsory"—as a means of establishing who first introduced the reseller agreement to the case—add little to the analysis. As the Seventh Circuit has observed, "no one is 'compelled' to present a compulsory counterclaim" in an incorrect forum just to preserve its viability in the forum that a forum selection clause required it to be brought in the first place. *See Publicis Comms. Inc. v. True N. Comms Inc.*, 132 F.3d 363, 365 (7th Cir. 1997) ("If the parties promise to litigate a dispute only in a particular forum, a party to the contract cannot seek to bar the litigation in that forum because the claim was not presented in some other forum.").[5] Whether the parties' respective counterclaims for breach of the reseller agreement were permissive or compulsory thus provides no cover for the defendants' failure to assert the forum selection clause contained in that agreement, when by their own admissions, that agreement has been at issue in this case from the outset. *See* Def. Dismiss Mem., Dkt 19, at 1-4, 6-7, 12-18.

The defendants thus waived their current venue challenge based on the forum selection clause in the parties' reseller agreement not only by omitting that defense from their initial Rule

---

[5] The Seventh Circuit's conclusion in this regard can be supplemented by noting that rather than gamble that its argument regarding applicability of a forum selection clause will necessarily prevail, a party who believes with something less than complete confidence that a counterclaim that is otherwise "compulsory" within the meaning of Rule 13(a) might be subject to a forum selection clause could assert the counterclaim in the original forum accompanied by a motion to transfer the case based on the forum selection provision. That prophylactic measure might provide a viable response to an argument that filing the counterclaim waived reliance on the forum selection provision. The defendants, however, did not seek to avoid waiver in this way; instead, CoreFact's counterclaims expressly affirmed that venue was proper in this Court.

12 motion, but also by omitting it from their subsequent Answer. CoreFact's counterclaim for breach of the reseller agreement, admitting and alleging that suit on that agreement is proper in this district, did the same. "If the defendant tells the plaintiff that he is content with the venue of the suit, or by words or actions misleads the plaintiff into thinking this or the court into becoming involved in the case so that there would be wasted judicial effort were the case to be dismissed to another forum, or if he stalls in pleading improper venue because he wants to find out which way the wind is blowing, then conventional principles of waiver or equitable estoppel come into play and if invoked by the plaintiff block the challenge to venue." *Am. Patriot*, 364 F.3d at 888. These principles, in addition to waiver under Rule 12(h)(1), control here.

## II. Motion to Dismiss Count I for Failure to Allege a Cognizable Claim

Rule 12(h) also bears on the defendants' new Rule 12(b)(6) argument that ABOUT's breach of fiduciary duty claim against Burnley (Count I) fails to state a claim upon which relief can be granted under Florida law (which, in turn, looks to Delaware law). *See* Def. Mem., Dkt. 44, at 9-10.[6] This argument asserts that "all of the alleged acts by Burnley that form the basis for Count I are premised on CoreFact's purported breaches of the Reseller Agreement," and "'where a dispute arises from obligations that are expressly addressed by contract, that dispute will be treated as a breach of contract claim,' and thus, 'any fiduciary claims arising out of the same facts that underlie the contract obligations would be foreclosed as superfluous.'" *Id*. at 10 (quoting *Nemec v. Shrader*, 991 A.2d 1120, 1129 (Del. 2010)). ABOUT responds that this new defense was also omitted from the defendants' first Rule 12 motion, and that Rules 12(g)(2) and (h)(2) preclude "successive motions to dismiss" under Rule 12(b)(6). Pltf. Opp., Dkt. 51, at 7-8. According to ABOUT, therefore, the defendants may now assert their new failure-to-state-a-claim defense only in a "pleading allowed under Rule 7(a)," *i.e.*, an answer; in a "motion for judgment on the pleadings under Rule 12(c)," *i.e.*, after an answer; or "at trial." *Id*. (quoting Fed. R. Civ. P. 12(h)(2)(A)-((C).

The defendants counter with the Seventh Circuit's decision in *Ennenga v. Starns*, 677 F.3d 766 (7th Cir. 2012)—a decision that ABOUT failed to cite in its Opposition.[7] *Ennenga* held

---

[6] As noted in the Court's previous Order on the defendants' first motion to dismiss, federal courts hearing state law claims under diversity or supplemental jurisdiction apply federal procedural law and the state substantive law agreed upon by the parties—here, Florida law. *See* Dkt. 30, at 6 (citing *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014)).

[7] Instead, when the defendants properly cited *Ennenga* in their Reply, ABOUT sought leave to file a surreply, complaining that the defendants had raised "new arguments and case citations" in their Reply, which ABOUT required "a brief surreply to distinguish and dispute." Surreply Mot., Dkt. 55, at ¶ 2. This argument was specious in two respects. First, the defendants raised no new issues in their Reply; they merely cited controlling Seventh Circuit authority on an issue that ABOUT raised in its Opposition, and which ABOUT should have cited and addressed in its initial brief. Second, contrary to the purported purpose of the surreply and evincing concern that *Ennenga* does, indeed, doom their waiver argument, ABOUT did not merely seek to distinguish *Ennenga* in its surreply; rather, it devoted nearly half of that filing to substantive arguments that it had opted not to address in its earlier Opposition to the defendants' motion to dismiss, *see* Dkt. 51 at 6-9; Dkt. 55-1, at 5-7—and thereby waived. *See Bonte v. U.S. Bank, N.A.*,

7

that "Rule 12(g)(2) does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion," since "Rule 12(h)(2) specifically excepts failure-to-state-a-claim defenses from the Rule 12(g) consolidation requirement." *Ennenga*, 677 F.3d at 773. Accordingly, the *Ennenga* court affirmed a district court's grant of a second Rule 12(b)(6) motion directed at the plaintiffs' amended claims filed after the district court granted the defendants' first Rule 12(b)(6) motion on different grounds. *Id.* at 771-73. *Ennenga* thus makes clear that a failure-to-state-a-claim defense is not waived by the failure to include it in a prior Rule 12(b)(6) motion, and in appropriate circumstances, may be raised in a "successive motion" under Rule 12(b)(6), despite Rule 12(g)(2)'s prohibition against "another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."

ABOUT's attempt to distinguish *Ennenga*—because the defendants' initial Rule 12(b)(6) motion in that case was dismissed in its entirety on substantive grounds, because the plaintiffs' amended complaint thereafter raised new issues, and because the plaintiffs there incorrectly argued that the defendants' new failure-to-state-a-claim defense had been "waived" altogether—misses the point. *Ennenga* merely clarified that Rule 12(g)(2) and (h)(2) preserve a Rule 12(b)(6) failure-to-state-a-claim defense that was omitted from a prior Rule 12 motion, and thus affirmed the district court's order granting a motion that asserted such a preserved defense. While Rule 12(h)(2) would ordinarily require such a motion to be brought under Rule 12(c), as other courts have noted, a district court retains the discretion to view a successive Rule 12(b)(6) motion as a motion under Rule12(c) where the interests of judicial economy and efficiency would be served by doing so. *See Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty, Colo.*, 771 F.3d 697, 702-03 (10th Cir. 2014).

The Court is mindful that Rule 12(h)(2) "arguably limits a party to presenting those arguments in a pleading, a motion for judgment on the pleadings, or at trial," and makes no reference to a motion brought under Rule 12(b)(6)—a consideration that prompted the Tenth Circuit to characterize the Seventh Circuit's approach in *Ennenga* as "problematic." *See Albers*, 771 F.3d at 702-03. But as *Albers* also acknowledged, because "the district court properly accepted all facts alleged in the [complaint] as true," it was "as if [the defendant] had filed an answer admitting all of the "plaintiffs' factual allegations and then filed its motion pursuant to Rule 12(c), instead of Rule 12(b)(6)"; and thus, "whether the district court dismissed the complaint based on a motion under Rule 12(b)(6) or Rule 12(c) makes no difference for purposes for our review." *Id.* at 704 (citing *Walzer v. Muriel Siebert & Co.*, 447 Fed. Appx. 377, 379 (3d Cir. 20110) (unpublished)). Considerations of judicial economy and efficiency have similarly prompted many other courts to address the grounds asserted in a successive Rule12(b)(6) motion, without requiring the defendant to refile the motion under Rule 12(c). *See*, *e.g.*, *Shield Techs. Corp. v. Paradigm Positioning, LLC*, 908 F. Supp. 2d 914, 917 (N.D. Ill. 2012) ("in the interests of avoiding unnecessary delay, we will deny the defendants' motion as untimely but address

---

624 F.3d 461, 466 (7th Cir. 2010). This, of course, prompted an Objection by the defendants addressing ABOUT's new arguments, *see* Dkt. 57, adding yet another filing to this docket. A word of caution going forward: These sorts of tactics—failing to cite controlling authority, seeking leave to file a surreply when one's opponent properly cites that authority, and then attempting to use that surreply to address a waived argument—do not comport with the Court's expectations of counsel.

their substantive arguments on our own motion"); *Kruska v. Perverted Justice Found. Incorporated.Org*, No. CV-08-00054-PHX-SMM, 2010 WL 4791666, *3 and n.3 (D. Ariz. Nov. 18, 2010) (allowing second Rule 12(b)(6) motion where it would "expedite final disposition of the case" and was "warranted" to address new Supreme Court authority); *Tofsrud v. Potter*, No. CV-10-090-JLQ, 2010 WL 3363431, *1 (E.D. Wash. Aug. 23, 2010) (allowing second Rule 12(b)(6) motion in response to amended complaint); *Butler v. Fairbanks Cap.*, No. Civ.A. 04-0367(RMU), 7, 18, 2005 WL 5108537, 2 (D.D.C. Jan. 3, 2005) (citing cases where "concepts of fairness and judicial economy" justified a supplement motion). Although this approach may be the exception rather than the rule, it is faithful to the Seventh Circuit's approach in *Ennenga* and the Court therefore adopts it here.

ABOUT's reliance on *Kramer v. Am. Bank & Tr., N.A.*, No. 11 C 8758, 2014 WL 3638852 (N.D. Ill. July 23, 2014), is therefore unpersuasive. *Kramer,* moreover, is distinguishable—unlike *Ennenga* and this case, it did not involve a second motion to dismiss after the filing of an amended complaint. Rather, in "piecemeal" fashion, the defendant in *Kramer* turned to a different ground under Rule 12 after its first Rule 12 motion was denied, without an intervening change in the plaintiff's pleading. *Id*. at *2. While ABOUT insists that this case is nevertheless closer to *Kramer* than to *Ennenga* because ABOUT's current Count I raises no "new issues," Pltf. Surreply, Dkt. 55-1, at 4, the Court concludes that the defendants' new defense against that claim has merit, and that the considerations of judicial economy underlying *Ennenga* (as opposed to the concerns over piecemeal litigation underlying *Kramer*) are therefore more applicable here. *See Albers*, 771 F.3d at 702-03 ("The Seventh Circuit's approach has the advantage of allowing district courts to consider meritorious arguments in successive pre-pleading motions to dismiss," and "in turn, allows district courts to resolve cases on their merits at the pleadings stage in the interest of efficiency.").

The defendants' new Rule 12(b)(6) defense asserts that ABOUT's breach of fiduciary duty claim against Burnley "is foreclosed as superfluous" by the reseller agreement between ABOUT and CoreFact and the parties' contractual rights thereunder. *See* Def. Mem., Dkt. 44, at 9-10. This argument relies on Florida's "fundamental contractual principles," which "delineate the general boundary between contract law and tort law." *See Kaye v. Ingenio, Filiale De Loto-Quebec, Inc.*, No. 13-61687-CIV, 2014 WL 2215770, *4 (S.D. Fla. May 29, 2014); *Tulepan v. Roberts*, No. 14-cv-80574, 2015 WL 235441, *6 (S.D. Fla. Jan. 16, 2015) ("fundamental contract principles continue to bar a tort claim where a defendant has not committed a breach of duty independent of his breach of contract"). Under Florida law, "to set forth a claim in tort between parties in contractual privity, a party must allege action beyond and independent of breach of contract that amounts to an independent tort." *Kaye*, 2014 WL 2215770, at *4.[8]

---

[8] Although there is significant substantive overlap between this principle and Florida's "economic-loss rule," the Florida Supreme Court recently limited the latter doctrine to products liability cases. *See Kaye*, 2014 WL 2215770, at *4 ("*Tiara* clarified that the economic-loss rule applies to only cases involving products liability, not to cases involving parties in contractual privity") (citing *Tiara Condominium Ass'n, Inc. v. Marsh & McLennan Cos*., 110 So. 3d 399, 401 (Fla. 2013)); *Tulepan*, 2015 WL 235441, *6 (granting summary judgment under "fundamental contract principles" where breach of fiduciary duty and other tort claims were duplicative of breach of contract claims, because *Tiara* "does *not* overrule common law contract

As noted above, ABOUT made no response to this argument in its Opposition to the defendants' motion, and thus conceded the argument. *See supra* note 7. But even if the Court were to consider the untimely response included in ABOUT's surreply (purportedly filed for a different purpose), the outcome would be the same—ABOUT's breach of fiduciary duty claim is inadequately pled under Florida law. That claim alleges in summary fashion that "Burnley owed fiduciary duties to ABOUT" as "a director of ABOUT," that he "took multiple actions that were calculated to cause injury and loss to ABOUT and/or to benefit Burnley in his capacity as a principal shareholder of CoreFact," and that these actions "amounted to the improper usurpation by Burnley of ABOUT's business opportunities for his own benefit." Compl., Dkt. 41, ¶¶ 30-31. As the defendants correctly contend, these allegations fail to "describe the claim in sufficient detail" or "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level." Def. Mem., Dkt. 44, at 9 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).

Indeed, ABOUT's only argument to save this claim is the afterthought in its Surreply that the claim "is based on Burnley's individually wrongful conduct as a director of About by affirmatively steering business away from About and toward CoreFact." Dkt. 55-1, at 6. But the defendants again correctly note that ABOUT's allegations in the Third Amended Complaint *still* fail to identify any business opportunity that Burnley actually misdirected to CoreFact—a point that the Court made when it dismissed ABOUT"s tortious interference claim in the Second Amended Complaint—and that ABOUT's breach of fiduciary duty claim against Burnley therefore "sounds much more like a straightforward claim of breach of contract than any tort." Def. Reply, Dkt. 52, at 3 (quoting Oct. 28, 2014 Order on Mot. to Dismiss, Dkt. 30, at 7 n.3). If this is, in fact, the basis for ABOUT's breach of fiduciary duty claim against Burnley, then its complaint should provide enough detail to identify the conduct—independent of the conduct alleged to give rise to its claim for breach of the reseller agreement—and the business that Burnley allegedly pilfered. Short of doing so, the claim fails both under *Twombly* and Florida's fundamental contractual principles, which require "action beyond and independent of breach of contract that amounts to an independent tort." *See Kaye*, 2014 WL 2215770, at *4; *Tulepan*, 2015 WL 235441, *6 ("since all of the allegations at issue here arise out of the parties' contractual relationships, summary judgment is granted in favor of Defendant").[9]

---

principles"). The "economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." *Tiara Condominium Ass'n, Inc. v. March & McLennan Cos., Inc.*, 110 So. 3d 399, 401 (Fla. 2013). Outside of the context of products liability cases, the question of whether particular economic losses are recoverable where parties are in contractual privity is a question of contract law generally, and specifically of whether the conduct at issue gave rise to a breach of that contract or is independent of the conduct for which breach of contract is alleged; "[w]here a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from the acts that breached the contract." *Id*. at 402 (quoting *Indem. Ins. Co. of North America v. American Aviation, Inc.*, 891 So. 2d 532, 537 (Fla. 2004).

[9] As these cases demonstrate, the "fundamental contractual principles" that preclude tort claims that are duplicative of breach of contract claims do so (as under the economic-loss rule) where the parties are "in contractual privity," *Kaye*, 2014 WL 2215770, at *4, though exceptions

*   *   *

For all of the foregoing reasons, the Court denies the defendants' motion to dismiss Counts I and II of ABOUT's Third Amended Complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), *see* Dkt. 43, ¶¶ 1-2, because the defendants waived the forum selection clause that forms the basis of that motion. The Court grants the defendants' motion to dismiss ABOUT's breach of fiduciary duty claim against defendant Burnley (Count II) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to allege a cognizable claim under Florida law, *id.* at ¶ 1, though because the defendants' argument as to Count I was new, the dismissal is without prejudice. Because the Court denies the defendants' motion as to Count II of ABOUT's Complaint, it also denies the defendants' request that the Court decline to hear ABOUT's declaratory judgment claim in Count III of the Third Amended Complaint pursuant to 28 U.S.C. § 2201, *id.* at ¶ 3, and the defendants' request to dismiss their own counterclaims without prejudice pursuant to Fed. R. Civ. P. 41. *Id.* at ¶ 4.

Date: May 26, 2015

John J. Tharp, Jr.
United States District Judge

---

are made for officers, directors, and employees of companies in privity. *See*, *e.g.*, *Federal Deposit Ins. Corp. v. Law Office of Rafael Ubieta, P.A.*, No. 12-21864-CIV, 2012 WL 5307152, *7 (S.D. Fla. Oct. 29, 2012) (applying economic loss rule to employees of party in contractual privity); *Ben-Yishay v. Mastercraft Devel., LLC*, 553 F. Supp. 2d 1360, 1371 (S.D. Fla. 2008) (applying economic loss rule to member and officer of signatory). Moreover, ABOUT has not argued (even in its Surreply) that Burnley is not sufficiently "in privity" with CoreFact. This is not surprising, given that Burnley is alleged to be CoreFact's principal shareholder and to have "exercised his control over CoreFact." *See* Compl., Dkt. 41, ¶¶ 3, 23.